```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                  Case No. 19-01623-HWV
Paul J. Rothrock                                                        Chapter 13
Amanda S. Kang
          Debtors              CERTIFICATE OF NOTICE
District/off: 0314-1           User: LyndseyPr           Page 1 of 2            Date Rcvd: May 28, 2019
                               Form ID: pdf002           Total Noticed: 21
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 30, 2019.
```
db/jdb         +Paul J. Rothrock,    Amanda S. Kang,    621 Cedar Avenue,    Middletown, PA 17057-2816
5187244        +Bureau of Account Managment,    3607 Rosemont Ave Ste 502,    Po Box 8875,
                 Camp Hill, PA 17001-8875
5187249        +Citibank/Goodyear,    Citibank Corp/Centralized Bankruptcy,    Po Box 790034,
                 Saint Louis, MO 63179-0034
5187251        +Credit Acceptance,    25505 West 12 Mile Rd,    Suite 3000,    Southfield, MI 48034-8331
5187253        +Eos Cca,    Attn: Bankruptcy,    700 Longwater Dr,    Norwell, MA 02061-1624
5187256        +NTB Credit Plan,    PO Box 6403,    Sioux Falls, SD 57117-6403
5187257        +PayPal Credit,    PO Box 71202,    Charlotte, NC 28272-1202
5187258        +Quicken Loans,    662 Woodward Avenue,    Detroit, MI 48226-3433
5187259        +Wells Fargo Dealer Services,    Attn: Bankruptcy,    Po Box 19657,    Irvine, CA 92623-9657
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 28 2019 19:21:23
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5187248         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 28 2019 19:21:54
                 Capital One Bank USA NA,    PO BOx 85015,    Richmond, VA 23285-5075
5187247        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 28 2019 19:21:22     Capital One,
                 Attn: General Correspondence,    Po Box 30285,    Salt Lake City, UT 84130-0285
5187245        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 28 2019 19:21:21     Capital One,
                 Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
5194669         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 28 2019 19:21:55
                 Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
                 Charlotte, NC  28272-1083
5187250        +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM May 28 2019 19:20:26     Comenity Capital/Gamestop,
                 Attn: Bankruptcy Dept,    Po Box 182125,    Columbus, OH 43218-2125
5187252        +E-mail/PDF: creditonebknotifications@resurgent.com May 28 2019 19:21:40     Credit One Bank,
                 Attn: Bankruptcy Department,    Po Box 98873,    Las Vegas, NV 89193-8873
5187254        +E-mail/Text: support@ljross.com May 28 2019 19:20:20     LJ Ross Associates,    4 Universal Way,
                 Po Box 6099,    Jackson, MI 49204-6099
5193815         E-mail/PDF: resurgentbknotifications@resurgent.com May 28 2019 19:21:25     LVNV Funding, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5197561         E-mail/Text: bkr@cardworks.com May 28 2019 19:20:02     MERRICK BANK,
                 Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
5187255        +E-mail/Text: bkr@cardworks.com May 28 2019 19:20:02     Merrick Bank/CardWorks,
                 Attn: Bankruptcy,    Po Box 9201,    Old Bethpage, NY 11804-9001
5187817        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 28 2019 19:44:03     Orion,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 12

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5187246*       +Capital One,    Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
                                                                                  TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 30, 2019                                      Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 28, 2019 at the address(es) listed below:
          Chad J. Julius    on behalf of Debtor 1 Paul J. Rothrock cjulius@ljacobsonlaw.com,
           brhoades@ljacobsonlaw.com;egreene@ljacobsonlaw.com;r63089@notify.bestcase.com
          Chad J. Julius    on behalf of Debtor 2 Amanda S. Kang cjulius@ljacobsonlaw.com,
           brhoades@ljacobsonlaw.com;egreene@ljacobsonlaw.com;r63089@notify.bestcase.com
          Charles J DeHart, III (Trustee)     TWecf@pamd13trustee.com
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          James Warmbrodt    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
          TOTAL: 5

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE:<br>**Paul J. Rothrock**<br>**Amanda S. Kang** | CHAPTER 13<br>CASE NO. |
|---|---|
| | ■ ORIGINAL PLAN<br>_____ AMENDED AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)<br>☐ Number of Motions to Avoid Liens<br>☐ Number of Motions to Value Collateral |

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | | |
|---|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | | ■ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | | ■ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | | ■ Not Included |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid $__ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**25,500.00**, plus other payments and property stated in § 1B below:

| Start<br>mm/yy | End<br>mm/yy | Plan<br>Payment | Estimated<br>Conduit<br>Payment | Total<br>Monthly<br>Payment | Total<br>Payment<br>Over Plan<br>Tier |
|---|---|---|---|---|---|
| **05/19** | **04/24** | 425.00 | 0.00 | 425.00 | 25,500.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $25,500.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Case 1:19-bk-01623-HWV    Doc 9    Filed 04/19/19    Entered 04/19/19 12:33:33    Desc
                         Main Document    Page 1 of 5
Case 1:19-bk-01623-HWV    Doc 22    Filed 05/30/19    Entered 05/31/19 01:09:32    Desc
              Imaged Certificate of Notice    Page 3 of 7

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☐ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

■ Debtor is over median income. Debtor(s) estimates that a minimum of $**0.00** must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

■ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
___

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:
___

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

■ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

■ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **Credit Acceptance** | **2008 Mazda Tibute 109000 miles** | **3468** |
| **Quicken Loans** | **621 Cedar Avenue Middletown, PA 17057  Dauphin County** | **7495** |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*
■ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
■ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*
■ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

2

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

Case 1:19-bk-01623-HWV    Doc 9    Filed 04/19/19    Entered 04/19/19 12:33:33    Desc
Main Document    Page 2 of 5
Case 1:19-bk-01623-HWV    Doc 22    Filed 05/30/19    Entered 05/31/19 01:09:32    Desc
Imaged Certificate of Notice    Page 4 of 7

    **F.**    <u>Surrender of Collateral.</u> *Check one.*

■ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

    **G.**    <u>Lien Avoidance.</u> *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

■ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.**    **PRIORITY CLAIMS.**

    **A.**    <u>Administrative Claims</u>

        1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's fees.</u> Complete only one of the following options:

            a.    In addition to the retainer of $ **0.00** already paid by the Debtor, the amount of $ **4,000.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c).

            b.    $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

        3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
            *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    **B.**    **Priority Claims (including, certain Domestic Support Obligations**

■ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

    **C.**    **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4.**    **UNSECURED CLAIMS**

    **A.**    <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u>
        *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    **B.**    **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5.**    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines*.

■ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6.**    **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

☐ plan confirmation.
☐ entry of discharge.
■ closing of case.

**7.    DISCHARGE: (Check one)**

■ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8.    ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:
Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    Timely general unsecured claims.
Level 8:    Untimely filed general unsecured claims to which the Debtor has not objected.

**9.    NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

| Dated: | **April 18, 2019** | **/s/ Chad J. Julius** |
|---|---|---|
| | | **Chad J. Julius** |
| | | Attorney for Debtor |
| | | |
| | | **/s/ Paul J. Rothrock** |
| | | **Paul J. Rothrock** |
| | | Debtor |
| | | |
| | | **/s/ Amanda S. Kang** |
| | | **Amanda S. Kang** |
| | | Joint Debtor |

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains

4

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                           Best Case Bankruptcy

Case 1:19-bk-01623-HWV    Doc 9    Filed 04/19/19    Entered 04/19/19 12:33:33    Desc
Main Document      Page 4 of 5
Case 1:19-bk-01623-HWV    Doc 22    Filed 05/30/19    Entered 05/31/19 01:09:32    Desc
Imaged Certificate of Notice    Page 6 of 7

no nonstandard provisions other than those set out in § 9.

5

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

Case 1:19-bk-01623-HWV    Doc 9    Filed 04/19/19    Entered 04/19/19 12:33:33    Desc
Main Document      Page 5 of 5
Case 1:19-bk-01623-HWV    Doc 22    Filed 05/30/19    Entered 05/31/19 01:09:32    Desc
Imaged Certificate of Notice    Page 7 of 7